SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SHAVONDA BAILEY, as Next Friend   )
of K.A. and P.A.; and VIVIAN      )
LAMPKINS, as Next Friend of J.L.  )
                                  )
v.                                )   CIVIL ACTION NO.
                                  )     13-CV-700-FB
CITY OF SAN ANTONIO, TEXAS;       )
NATHAN PRESTON, Individually      )
VIDAL DIAZ, Individually          )
MICHAEL FLETCHER, Individually    )
FRANCISCO GALVAN, Individually    )
MATTHEW FLORES, Individually      )
AUBREY PLAUCHE, Individually      )
MATTHEW QUINTANILLA, Individually )
ROBERT TAMEZ, Individually;       )
and PAUL TRIGO, Individually      )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF

GARY HOVERMALE

APRIL 10, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION of GARY HOVERMALE, produced as a witness at the instance of the Defendants Nathan Preston, Vidal Diaz, Michael Fletcher, Francisco Galvan, Matthew Flores, Aubrey Plauche, Matthew Quintanilla, Robert Tamez, and Paul Trigo, and duly sworn, was taken in the above-styled and numbered cause on the 10th day of April, 2014, from 2:00 p.m. to 3:30 p.m., before

Gulfstream Court Reporting
Tel: (210) 490-6444                                Fax: (210) 579-6507

SHAVONDA BAILEY, ET AL.                          GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 2

1  Stephanie Clark, CSR in and for the State of Texas,
2  reported by machine shorthand, at the offices of
3  Hoblit Ferguson Darling, LLP, Bank of America Plaza,
4  300 Convent Street, Suite 1450, San Antonio, Texas
5  78205, pursuant to the Federal Rules of Civil Procedure
6  and the provisions stated on the record or attached
7  hereto.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 3

1                      A P P E A R A N C E S

2

3    FOR THE PLAINTIFFS:

4        MR. ROBERT WILSON
         GALE, WILSON & SANCHEZ, PLLC
5        115 East Travis Street, 19th Floor
         San Antonio, Texas 78205
6            Phone:  210.222.8899
             Fax:    210.222.9526
7

8
     FOR THE DEFENDANTS NATHAN PRESTON, VIDAL DIAZ, MICHAEL
9    FLETCHER, FRANCISCO GALVAN, MATTHEW FLORES, AUBREY
     PLAUCHE, MATTHEW QUINTANILLA, ROBERT TAMEZ, AND PAUL
10   TRIGO:

11       MR. N. MARK RALLS
         HOBLIT FERGUSON DARLING, LLP
12       Bank of America Plaza
         300 Convent Street, Suite 1450
13       San Antonio, Texas 78205
             Phone:  210.224.9991
14           Fax:    210.226.1544

15

16   FOR THE DEFENDANT CITY OF SAN ANTONIO, TEXAS:

17       MR. BRAD BENNETT
         CITY OF SAN ANTONIO
18       Office of the City Attorney
         111 Soledad Street, 10th Floor
19       San Antonio, Texas 78205
             Phone:  210.207.8784
20           Fax:    210.207.4357

21

22   ALSO PRESENT:  Mr. Gary Hovermale, Witness
                    Ms. Stephanie Clark, RPR, CSR
23

24                      * * * * * * *

25

Gulfstream Court Reporting
Tel: (210) 490-6444                            Fax: (210) 579-6507

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 4

```
 1                          I N D E X
                                                          PAGE
 2
     Appearances ......................................     3
 3
     GARY HOVERMALE
 4       Examination by Mr. Ralls ....................      5
         Examination by Mr. Wilson ...................     24
 5       Further Examination by Mr. Ralls ............     47
         Further Examination by Mr. Wilson ...........     67
 6
     Changes and Signature ...........................     68
 7   Reporter's Certificate ..........................     70

 8

 9

10                         E X H I B I T S
     NO.  DESCRIPTION                                     PAGE
11
     1    Sworn Affidavit, 8-8-11                          32
12
     2    Investigative Activity, 8-8-11                   35
13
     3    Statement, 8-4-11                                49
14
```

15

16

17

18

19

20

21

22

23

24

25

Gulfstream Court Reporting

Tel: (210) 490-6444                              Fax: (210) 579-6507

Electronically signed by Stephanie Clark (601-353-121-5420)                    dba2539f-3edc-490a-bcf9-633c9e041dc4

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 13

1    Q.   And how could you tell that he was resisting?
2    A.   I could hear them talking. "Get your -- get
3  your arm behind your back. Get your arm behind the
4  back." And they had a tough time with him.
5    Q.   And how long, roughly, would you say that you
6  heard them trying -- you heard them attempting to get
7  him handcuffed while he was resisting? How long a
8  period would you say that was?
9    A.   At least three to four minutes.
10   Q.   Could you see the officers attempting to get
11 his hands behind his back?
12   A.   Well, there were quite a few trying to get him
13 to do that. More than likely three or four, probably.
14   Q.   Could you hear anything that the suspect was
15 saying?
16   A.   At that time I didn't hear him say anything.
17   Q.   All right. And of course, you know now that
18 who I've been calling "the suspect" was Pierre
19 Abernathy, correct?
20   A.   I didn't know it at the time, sir.
21   Q.   Right.
22   A.   His mother -- his mother called me and told me
23 that that was her son, that was Pierre. I didn't know
24 who the suspect was.
25   Q.   Sure. Sure. But yeah -- and I'm just --

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 19

```
 1   no activity.
 2        Q.   Okay.  And --
 3        A.   With -- with the suspect.
 4        Q.   So -- well, can you explain what you mean by
 5   that?
 6        A.   No, I saw -- I saw officers, you know, moving
 7   around.
 8        Q.   Okay.
 9        A.   But I didn't see any -- any officer went down.
10   He could have, but I didn't see any.
11        Q.   All right.  So after you believe that the
12   suspect was handcuffed, the activity of the officers
13   kind of came to a halt?
14        A.   Yes, sir.
15        Q.   Did you hear Mr. Abernathy say anything after
16   he was handcuffed that you can recall?
17        A.   No, sir, I didn't.
18        Q.   Did you talk to any of the officers that had
19   actually been involved in handcuffing Mr. Abernathy?
20        A.   No, sir.
21        Q.   Well, you said that you saw Mr. Abernathy
22   later taken out on a stretcher to the ambulance, right?
23        A.   Yes, sir.  I saw him on the -- when they
24   came -- apparently when they took him out in front of
25   the hedges, then he was laying on the ground, still
```

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 22

1   Sergeant Williams down the street?
2       A.   Yes, I know him, yes, sir.  Not real well,
3   but . . .
4       Q.   All right.  Well, did -- do you recall seeing
5   him out in the cul-de-sac that morning while the
6   officers were dealing with Mr. Abernathy?
7       A.   I don't -- I -- I didn't see him.
8       Q.   Do you know Mr. Abernathy's younger brother,
9   Lee Griffin?
10      A.   Yes.
11      Q.   Do you recall seeing him out in the cul-de-sac
12  that morning?
13      A.   No, sir.
14      Q.   Would it be fair or not to say that most of
15  your attention was focused on what was going on in your
16  front yard?
17      A.   Yes, sir.
18      Q.   All right.  Did you overhear any of the
19  officers say anything to anyone that morning that you
20  thought was inappropriate?
21      A.   No, sir.
22      Q.   Okay.  I think that you went down downtown and
23  gave a statement --
24      A.   Yes, sir.
25      Q.   -- is that right?  And was that -- did you go

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 57

```
 1   hours after this incident would be better than it is
 2   today or not?
 3        A.   My recollection's pretty good.
 4        Q.   Okay.  But I think we -- would you agree or
 5   not agree that probably all of us, our memory of what
 6   happened two years and eight months ago is not as good
 7   as it was five hours after --
 8        A.   Oh, yes, I -- I agree with that.
 9             MR. WILSON:  Objection; leading question.
10             MR. RALLS:  Actually, it was sort of --
11   it was a bad question.
12        Q.   (By Mr. Ralls)  Let me rephrase that question.
13   Would you agree with me that your memory five hours
14   after the event would be better than it would two years
15   and eight months after the event as you sit here and
16   testify, or not?
17        A.   It's very good.
18        Q.   Okay.  It would have been better then, at the
19   time you gave this statement, or not?
20        A.   More than likely, yes.
21        Q.   Okay.  All right.  In this statement, you say
22   that -- you actually say:  I saw four to six police
23   officers wrestling him.
24        A.   Yes, sir.
25        Q.   And is that "him" referring to --
```

Gulfstream Court Reporting
Tel: (210) 490-6444                                    Fax: (210) 579-6507

Electronically signed by Stephanie Clark (601-353-121-5420)                    dba2539f-3edc-490a-bcf9-633c9e041dc4

Page 58

```
1      A.    Suspect.
2      Q.    And the suspect is --
3      A.    Pierre.
4      Q.    So did you actually see them wrestling with
5   him?
6      A.    Yeah.  He was -- he was resisting quite heavy
7   and from what I -- I would assume that was wrestling.
8      Q.    And then did they -- if you look at the
9   next -- why don't you take a look at the next sentence,
10  where it says:  They were already on the ground with him
11  and tearing up my flowerbed?
12     A.    Yeah.  Okay.
13     Q.    What happened to your flowerbed as they were
14  rolling around in it?
15     A.    Well, with the activity they were doing, I
16  mean, they were coming from the left side and the right
17  side, my flowerbed was -- quite a bit of plants there
18  and they just tore them up.  Tore up the hedge and
19  everything.
20     Q.    And then you state that:  They looked like
21  they were having a difficult time with him and they were
22  saying, "Put your arms behind your back.  Put your arms
23  behind your back."  And he was resisting.
24           Is that correct?
25     A.    Yes, sir.
```

SHAVONDA BAILEY, ET AL.                          GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 59

1       Q.    And then you state that:  I saw several
2    officers pulling on his arms, trying to get them behind
3    his back to handcuff him.
4       A.    Yes, sir.
5       Q.    (Reading.)  And they were having a hard time
6    restraining him.
7             Is all of that -- first of all, did I
8    read it correctly?
9       A.    Yes, sir.
10      Q.    And second of all; is that correct?
11      A.    Yes, sir.
12      Q.    That's what you were able to see that morning?
13      A.    Yes, sir.
14      Q.    And you say that it appeared to you that he
15   was resisting arrest, correct?
16      A.    Yes, sir.
17      Q.    Now, when you say it appeared to you that he
18   was resisting arrest, can you tell us in your words what
19   you saw that made you think that?
20      A.    Yes, sir.  The officer was trying to get his
21   right arm behind his back and he appeared to be very
22   strong at the time and they had a very difficult time
23   getting his arm behind his back.  It took, like I said,
24   maybe three or four minutes to do that.  He -- very,
25   very strong.

SHAVONDA BAILEY, ET AL.  GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 68

| | | | |
|---|---|---|---|
| 1 | | CHANGES AND SIGNATURE | |
| 2 | WITNESS: GARY HOVERMALE | | DATE OF DEPOSITION: 4-10-14 |
| 3 | PAGE | LINE    CHANGE | REASON |
| 4 | 8 | 7   Add career before your | Complete sentence |
| 5 | 8 | 13  Removed was after I | Correct sentence |
| 6 | 9- | 1   Remove whats add Nine after thousand 93 and 2009 | Repeat Information |
| 7 | 10- | 9   Remove downtown | Incorrect location |
| 8 | 10 | 13  Remove stairs and place with side | Correct word |
| 9 | 11 | 1   Remove front after taking | Repeated Information |
| 10 | 15 | 9   Remove he before was | Repeat Information |
| 11 | 15- | 13  Remove I before had | Repeat Info |
| 12 | 15 | 17  Remove the before my | Correct sentence |
| 13 | 17 | 24  Add ing to resist | Correct word |
| 14 | 19- | 6   I saw | Stated Twice |
| 15 | 19 | 9   Remove any | Stated Twice |
| 16 | 19 | 9   change went to go | Correct word |
| 17 | 19 | 23  add ground after the | Complete missing word |
| 18 | 24 | 18  Remove I lived there since 1994 | Corrected Sentence |
| 19 | 24 | 19  Remove now that Remove was after one | Corrected Sentence |
| 20 | 25 | 11  add knew after he | Corrected sentence |
| 21 | 28 | 2   remove, you know | Corrected sentence |
| 22 | 28-12 |   remove alot | Repeated words |
| 23 | 29-24 |   remove any | Repeated words |
| 24 | 30-23 |   remove I | Repeated words |
| 25 | 30-24 |   add know after don't | Missing Word |

Gulfstream Court Reporting

Tel: (210) 490-6444                                    Fax: (210) 579-6507

Electronically signed by Stephanie Clark (601-353-121-5420)

dba2539f-3edc-490a-bcf9-633c9e041dc4

SHAVONDA BAILEY, ET AL.  
CITY OF SAN ANTONIO, ET AL

GARY HOVERMALE

Page 68

```
 1                    CHANGES AND SIGNATURE
 2  WITNESS: GARY HOVERMALE      DATE OF DEPOSITION: 4-10-14
 3  PAGE    LINE    CHANGE              REASON
 4  31      13  In front of         Repeat Information
 5  31      18  Add were in front of in   Missing word
 6  32      12  My after no
 7  32      17  Remove a after gave    Repeat Information
 8  39       9  Remove He after he     Repeat Information
 9  39      18  Remove than before than  Repeat Information
10  39      22  Remove that after thought  Repeat Information
11  40       1  That he saw that he saw   Repeat Information
12  40      18  Remove fourth place to third  Correction
13  41      25  Remove that after her   Repeat Information
14  42       4  Remove and I brought   Repeat Information
15  42    10-11 There after then
16  42      11  Add view. after complete  Missing word
17  42      11  Remove Then there and in  Repeat Information
18  42      12  Change delete when replace with where  Change word
19  42      13  Remove I I and replace with or  Replace Word
20  42      19  Remove I didn't even the hearing was  Deleted
21  43       1  Remove When you're like  Repeated Information
22  43-2        Remove I             Repeat Info
23  46      18  Add put in remove the   Add words for Clarity / Repeat Info
24  55       9  Remove that wasn't    Repeating Information
25  55      10  Remove I after see    Repeated Info
```

SHAVONDA BAILEY, ET AL.  
CITY OF SAN ANTONIO, ET AL

GARY HOVERMALE

Page 68

# CHANGES AND SIGNATURE

WITNESS: GARY HOVERMALE        DATE OF DEPOSITION: 4-10-14

| PAGE | LINE | CHANGE | REASON |
|---|---|---|---|
| 58 | 7 | Remove I after what | Repeated Info |
| 59 | 24 | Place was after he Completed | missing info |
| 62 | 19 | Remove and the I | Clear sentence |
| 63 | 8 | Remove II | Clear sentence |
| 63 | 11 | Remove he after he | Repeated Info |
| 64 | 11 | Remove he after that | Repeated Info |
| 64 | 21 | Remove you've had | Repeated Info |

SHAVONDA BAILEY, ET AL.                                    GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL.

Page 69

1          I, GARY HOVERMALE, have read the
2    foregoing deposition and hereby affix my signature that
3    same is true and correct, except as noted above.
4
5                    _____
                          GARY HOVERMALE
6
7    THE STATE OF  Texas      )
8    COUNTY OF  Bexar         )
9          Before me, Frankie Collazo     , on this
10   day personally appeared GARY HOVERMALE, known to me (or
11   proved to me under oath or through  TX DL      )
12   (description of identity card or other document) to be
13   the person whose name is subscribed to the foregoing
14   instrument and acknowledged to me that they executed the
15   same for the purposes and consideration therein
16   expressed.
17         Given under my hand and seal of office
18   this  23rd  day of  May      ,  2014  .
19
20   [SEAL: FRANKIE A. COLLAZO, NOTARY PUBLIC, STATE OF TEXAS, MY COMM. EXP. 8/24/14]
21                    _____
                       NOTARY PUBLIC IN AND FOR
22                     THE STATE OF  Texas
23   My commission expires:  08/24/14
24
25   ____ No Changes Made    ____ Amendment Sheet(s) Attached

Gulfstream Court Reporting
Tel: (210) 490-6444                              Fax: (210) 579-6507

SHAVONDA BAILEY, ET AL.
CITY OF SAN ANTONIO, ET AL

GARY HOVERMALE

Page 70

```
 1              UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TEXAS
 2                  SAN ANTONIO DIVISION

 3   SHAVONDA BAILEY, as Next Friend  )
     of K.A. and P.A.; and VIVIAN     )
 4   LAMPKINS, as Next Friend of J.L. )
                                      )
 5   v.                               )   CIVIL ACTION NO.
                                      )   13-CV-700-FB
 6   CITY OF SAN ANTONIO, TEXAS;      )
     NATHAN PRESTON, Individually     )
 7   VIDAL DIAZ, Individually         )
     MICHAEL FLETCHER, Individually   )
 8   FRANCISCO GALVAN, Individually   )
     MATTHEW FLORES, Individually     )
 9   AUBREY PLAUCHE, Individually     )
     MATTHEW QUINTANILLA, Individually)
10   ROBERT TAMEZ, Individually;      )
     and PAUL TRIGO, Individually     )
11
                  REPORTER'S CERTIFICATE
12             DEPOSITION OF GARY HOVERMALE
                      APRIL 10, 2014
13

14        I, Stephanie Clark, Certified Shorthand Reporter in

15   and for the State of Texas, hereby certify to the

16   following:

17        That the witness, GARY HOVERMALE, was duly sworn by

18   the officer and that the transcript of the oral

19   deposition is a true record of the testimony given by

20   the witness;

21        That the original deposition was delivered to

22   Mr. Gary Hovermale.

23        I further certify that pursuant to FRCP Rule

24   30(f)(1) that the signature of the deponent was

25   requested by the deponent or a party before the
```

Gulfstream Court Reporting

Tel: (210) 490-6444                           Fax: (210) 579-6507

Electronically signed by Stephanie Clark (601-353-121-5420)        dba2539f-3edc-490a-bcf9-633c9e041dc4

SHAVONDA BAILEY, ET AL.                                          GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 71

1  completion of the deposition and that the signature is
2  to be before any notary public and returned within 30
3  days from date of receipt of the transcript.  If
4  returned, the attached Changes and Signature Page
5  contains any changes and the reasons therefor;
6       That the amount of time used by each party at the
7  deposition is as follows:
8       Mr. Robert Wilson - 0:35
        Mr. N. Mark Ralls - 0:49
9       Mr. Brad Bennett - 0:00
10      I further certify that I am neither counsel for,
11  related to, nor employed by any of the parties or
12  attorneys in the action in which this proceeding was
13  taken, and further that I am not financially or
14  otherwise interested in the outcome of the action.
15      Certified by me this 21st day of April, 2014

         *Stephanie Clark* (signature)

         _____
         STEPHANIE CLARK, RPR, Texas CSR
         Expiration Date:  12-31-15
         Gulfstream Court Reporting, LLC
         Firm Registration No. 245
         16607 Blanco Road, Suite 1307
         San Antonio, TX 78232
         210.490.6444 - 713.354.2339

SHAVONDA BAILEY, ET AL.                                     GARY HOVERMALE
CITY OF SAN ANTONIO, ET AL

Page 72

1  COUNTY OF BEXAR    )
2  STATE OF TEXAS     )
3      I hereby certify that the witness was notified on
4  April 21, 2014 that the witness has 30 days after being
5  notified by the officer that the transcript is available
6  for review by the witness and if there are changes in
7  the form or substance to be made, then the witness shall
8  sign a statement reciting such changes and the reasons
9  given by the witness for making them;
10     That the witness' signature ( X )was ( )was not
11 returned as of May 27, 2014 .
12     Subscribed and sworn to this  9  day of
13 June        , 2014.
14
15
16 _____Stephanie Clark_____
   Stephanie Clark, RPR, Texas CSR
   Expiration Date:  12-31-15
17 Gulfstream Court Reporting, LLC
   Firm Registration No. 245
18 16607 Blanco Road, Suite 1307
   San Antonio, TX 78232
19 210.490.6444 - 713.354.2339
20
21
22
23
24
25

Gulfstream Court Reporting
Tel: (210) 490-6444                                  Fax: (210) 579-6507